## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: A.P.

No. 17-0296 (Mineral County 16-JA-13)

**FILED**

**September 25, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father M.P., by counsel Max H. White, appeals the Circuit Court of Mineral County's March 3, 2017, order terminating his parental rights to A.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Meredith H. Haines, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that he abused his child and in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2016, the DHHR filed an abuse and neglect petition against petitioner and A.P.'s mother alleging that they abused the children, Z.N., D.N., and A.P.[2] According to the petition, Z.N. presented at the local hospital emergency room with facial bruising and bruising to his penis and groin. The mother told medical personnel that she did not know the cause of the child's injuries and suggested that "a spirit followed them home" and caused the child's injuries. She also suggested that the child may have been injured while wearing a flotation device while playing in a pool. The treating physician stated that the mother's explanations were not consistent with the child's injuries. Z.N. was interviewed by staff at the Mineral County Child Advocacy Center ("CAC") during which he told the interviewer that his mother told him to say

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The proceedings in circuit court also concerned additional children, Z.N. and D.N., who are not petitioner's biological children and, thus, are not at issue on appeal.

1

that petitioner "had not done anything." Z.N. also disclosed to the interviewer that he told a family member that petitioner struck him on his penis.

The children were removed from petitioner and the mother's custody on June 14, 2016. The circuit court held a preliminary hearing on June 21, 2016, and found probable cause to believe that the children were abused and neglected. The children were returned to the mother's custody in July of 2016 upon her agreement with the DHHR that she would not allow contact between petitioner and the children.

In October of 2016, the children were again removed from the mother's custody following a second CAC interview wherein two of the children disclosed that petitioner had physically and sexually abused them while they were in their mother's custody. The children indicated that they were afraid of petitioner and disclosed that the mother was aware of petitioner's abuse and allowed petitioner continued contact with the children despite her agreement with the DHHR. On October 19, 2016, the DHHR filed an amended petition against petitioner and the mother that detailed the new allegations. The circuit court held a preliminary hearing and again found probable cause to believe that the children were abused and neglected. The mother was granted supervised visitation.

In January of 2017, after a series of continuances to facilitate discovery, the circuit court held an adjudicatory hearing wherein the investigating West Virginia State Trooper testified that he was present at Z.N.'s CAC interview. The trooper testified that the child stated in the interview that petitioner grabbed him by the genitals, squeezed them, and "would not let go." Z.N. also disclosed in the interview that petitioner stuck his penis in the child's mouth and that Z.N. witnessed petitioner stick his penis in the child's brother, D.N's, mouth.

The child advocate who conducted the children's CAC interviews testified that Z.N. initially stated that petitioner did not hit him, but later stated that his mother told him to say this. The advocate also testified that the child had bruising on his face, stomach, back, and genitals. She further testified that Z.N. later disclosed that petitioner grabbed him by the genitals and stuck his penis in the child's mouth. The children also disclosed that the parties engaged in domestic violence in their presence. A DHHR worker testified that petitioner did not attend most of the multidisciplinary team ("MDT") meetings. She also testified that she reviewed several of the mother's cellular telephone text messages and confirmed that the mother and petitioner were still in contact. Petitioner stood silent as to the allegations in the petition and offered no evidence on his behalf. At the close of evidence, the circuit court found, by clear and convincing evidence, that petitioner and the mother abused the children. Following his adjudication, petitioner filed a written motion requesting a post-adjudicatory improvement period.

In February of 2017, the circuit court held a dispositional hearing. At the hearing the circuit court considered petitioner's motion for an improvement period and the DHHR's motion to terminate petitioner's parental rights. Petitioner again stood silent and presented no evidence on his behalf. Given the nature of the abuse perpetrated by petitioner on the children, the circuit court found that there were no services that could remedy the abuse. The circuit court also found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect, terminated his parental rights to his child, and denied his motion for a post-

adjudicatory improvement period, by order entered on March 3, 2017.[3] It is from that order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

Petitioner argues on appeal that the circuit court erred in finding that he abused A.P. because there was no evidence that he "did anything or failed to do anything against his own child." We do not agree. Pursuant to West Virginia Code § 49-1-201, an "[a]bused child" means a child whose health or welfare is being harmed or threatened by "[a] . . . guardian who knowingly or intentionally inflicts, attempts to inflict or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home."

Further, we have described the "clear and convincing" standard as one in which

the evidence . . . does not have to satisfy the stringent standard of beyond a reasonable doubt; the evidence must establish abuse by clear and convincing evidence. This Court has explained that "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established." *Brown v. Gobble*, 196 W.Va. 559, 564, 474 S.E.2d 489, 494 (1996)

---

[3]The parental rights of both of A.P.'s parents were terminated below. According to the parties, the parental rights of all parents to children Z.N. and D.N. were also terminated below. According to the guardian, the children were all placed in the same foster home and the permanency plan is adoption therein.

*In re F.S. and Z.S.*, 233 W.Va. 538, 546, 759 S.E.2d 769, 777 (2014). The circuit court was presented with evidence that petitioner sexually abused Z.N. and D.N while his child, A.P., lived in the same home, thereby subjecting A.P. to abuse. As we have held,

> [w]here there is clear and convincing evidence that a child has suffered physical and/or sexual abuse while in the custody of his or her parent(s), . . . another child residing in the home when the abuse took place who is not a direct victim of the physical and/or sexual abuse but is at risk of being abused is an abused child under [West Virginia Code § 49-2-201].

Syl. Pt. 2, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995). Further, petitioner stood silent as to the allegations of abuse against him and presented no evidence to the contrary. We have held that

> [b]ecause the purpose of an abuse and neglect proceeding is remedial, where the parent or guardian fails to respond to probative evidence offered against him/her during the course of an abuse and neglect proceeding, a lower court may properly consider that individual's silence as affirmative evidence of that individual's culpability.

Syl. Pt. 2, *W. Va. Dept. of Health and Human Res.ex rel. Wright v. Doris S.*, 197 W.Va. 489, 475 S.E.2d 865 (1996). Accordingly, we find no error in the circuit court's finding that petitioner abused his child.

Finally, petitioner argues that the circuit court erred in terminating his parental rights without imposing a less-restrictive dispositional alternative. We disagree. West Virginia Code § 49-4-604(a)(6) provides that circuit courts are directed to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when " '[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" We have also held that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996).

In the instant case, it is clear that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of abuse or neglect in the near future. Petitioner stood silent as to the allegations of sexual abuse and refused to address the issues of abuse. This Court has stated that

> in order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the

4

perpetrator of said abuse and neglect, results in making the problem untreatable . . . .

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Because petitioner failed to acknowledge his abusive conduct, it is clear that the circuit court correctly found that there was no reasonable likelihood the conditions of abuse could be substantially corrected. Moreover, the circuit court also found that termination was necessary for the child's welfare. As previously stated, pursuant to West Virginia Code § 49-4-604(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 3, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: September 25, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker